| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

UNITED STATES OF AMERICA      §

    §

*versus*                         §     CASE NO. 1:25-CR-16(1)

    §

WENDELL LARAE COLLIER      §

## MEMORANDUM AND ORDER

Pending before the court is Defendant Wendell Larae Collier's ("Collier") pro se Motion for Early Termination of Supervised Release (#2) wherein he seeks early termination of his three-year term of supervised release. Collier began serving his term of supervised release in the Western District of Texas on December 31, 2024. Jurisdiction was transferred to the Eastern District of Texas on April 30, 2025, and the case was assigned to the undersigned judge. Collier's United States Probation and Pretrial Services ("Probation") Officer in the Eastern District of Texas reviewed the file and is opposed to Collier's request for early termination of his term of supervised release and recommends that his supervision be continued as ordered. The United States Attorney's Office in the Eastern District of Texas is also opposed to the early termination of Collier's supervised release. Having considered the motion, the position of Probation, the Government's objection, the record, and the applicable law, the court is of the opinion that Collier's motion should be denied.

I.    Background

On September 7, 2022, a federal grand jury in the Western District of Texas, Del Rio Division, returned an Indictment charging Collier with conspiracy to transport illegal aliens. He pleaded guilty to this offense on December 21, 2022, pursuant to a written plea agreement. As

set forth in the Presentence Investigation Report ("PSR"), Collier recounted his role in the

offense, as follows:

> As to the instant offense, the defendant began by stating that he was driving a pickup truck that was previously observed by law enforcement agents as being involved in a failed smuggling attempt near Engle Pass, minutes before he was stopped. The defendant further stated that once law enforcement located him and the pickup truck, they observed several backpacks in the bed of the pickup truck, which he told agents belonged to him. As he was further interviewed by agents, additional agents arrived with one of the illegal aliens that was apprehended, who was searching for his backpack, and claimed one of the backpacks in the bed of the truck belonged to him. The defendant further stated that there were a total of seven illegal aliens that he transported. After he was detained, he admitted to agents that he was hired by an individual named "Huencho," to pick up the illegal aliens and he was going to be paid $1,600. The defendant continued by stating that one of the illegal aliens who was being transported, along with her two minor daughters, had been in the cab of the pickup truck and stated that all of the illegal aliens he had transported had fled the pickup truck after they noticed law enforcement following them.

Collier has prior convictions for burglary of an occupied conveyance and theft as well as two

convictions for criminal mischief. In addition, he failed to comply with a previous term of

probation, and it was revoked. Collier has a history of substance abuse and stated that he last

smoked marijuana the week before he committed his offense of conviction.

On April 3, 2024, United States District Judge David Counts sentenced Collier to 12

months and 1 day of imprisonment to be followed by 3 years of supervised release for his

immigration offense. Collier's term of supervised release expires on December 30, 2027.

In his motion seeking early termination, Collier, age 43, asserts:

> Defendant's supervised release began on January 6, 2025, at which time he soon after became gainfully employed with two jobs. First working at Pizza Hut starting on February 10, 2025, to present. Employment was then gained at KTM from March 10, 2025, until September 18, 2025. Employment was gained at Brand on September 29, 2025, until January 29, 2026, and Defendant gained employment with Lone Star Services on February 2, 2026 to present.

Defendant has served over 12 months of supervision, is in compliance with his obligations, and is gainfully employed.  Wherefore Defendant respectfully requests that the Court terminate his supervised release pursuant to 18 U.S.C. 3583(e)(1).

II.    Analysis

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering certain of the factors set forth in Section 3553(a),[1] "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Peters*, 856 F. App'x 230, 233 (11th Cir. 2021); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir. 2021); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018).  In addition, the United States Sentencing Guidelines list supplemental factors that the court may wish to consider when determining whether to terminate the remaining term of supervised release.[2]  "Early

---

[1] These factors include:  the nature and circumstances of the offense and the defendant's history and characteristics; the need to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.  18 U.S.C. §§ 3553(a), 3583(e).

[2] Specifically, the Guidelines list:  (i) any history of court-reported violations over the term of supervision; (ii) the ability of the defendant to lawfully self-manage (*e.g.*, the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges); (iii) the defendant's substantial compliance with all conditions of supervision; (iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision; (v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and (vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid

termination of supervised release is not an entitlement." *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021).  Instead, the defendant bears the burden of demonstrating that early termination is warranted.  *Id.*; *United States v. Luna*, No. 1:95-cr-05036-AWI, 2018 WL 10156108, at *1 (E.D. Cal. Mar. 12, 2018), *aff'd*, 747 F. App'x 561 (9th Cir. 2018).  Early termination "is not warranted as a matter of course." *United States v. Morris*, No. 3:99-cr-264-17 (VAB), 2022 WL 3703201, at *3 (D. Conn. Aug. 26, 2022).  "To the contrary, it is only 'occasionally' justified." *United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). In fact, in *United States v. Bowe*, the United States Court of Appeals for the Fourth Circuit stated that "Congress has manifested an intent to require full service of supervised release for rehabilitative purposes." 309 F.3d 234, 240 (4th Cir. 2002) (citing *Johnson*, 529 U.S. at 53).

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination.  *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *United States v. Lynn*, No. S90-00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022); *see Melvin*, 978 F.3d at 52. Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required.  *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination."); *United States v. Bondy*, No. 19-232, 2026 WL 1282742, at *2 (E.D. La. May 11, 2026) ("full compliance . . . is merely what is

---

recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant. U.S.S.G. § 5D1.4, Application Note B.

expected of all people serving terms of supervised release." (quoting *Karacsonyi v. United States*, No. 97-1220, 1998 WL 401273, at *1 (2d Cir. June 10, 1998))); *United States v. Seymore*, No. CR 07-358, 2023 WL 3976200, at *1 (E.D. La. June 13, 2023) ("[C]ourts have generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination . . . ." (quoting *United States v. Smith*, No. 10-cr-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014))); *Lynn*, 2022 WL 2446328, at *4 (although the defendant adhered to the conditions of his release, a balancing of the 18 U.S.C. § 3553(a) factors did not support early termination, noting that the defendant "engaged in constant serious criminal behavior when he was given chances before"); *United States v. Sandles*, No. 11-CR-204-PP, 2021 WL 3080995, at *3 (E.D. Wis. July 21, 2021) ("[C]ourts have held 'that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination.'" (quoting *United States v. O'Hara*, No. 00-cr-170, 2011 WL 4356322, *3 (E.D. Wis. Sept. 16, 2011))); *United States v. Boudreaux*, No. 2:19-CR-00377-01, 2020 WL 7635708, at *1 (W.D. La. Dec. 22, 2020); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020) (finding that the conduct of the defendant did not warrant early termination of supervised release, as the defendant sought relief based on his circumstances and the alleged conduct of others) (citing 18 U.S.C. § 3583(e)(1)); *see United States v. Berger*, No. CR 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and paying restitution, however, is required behavior while serving a term of supervised release."). As courts have observed, "if every defendant who complied with the terms of supervised release were

entitled to early termination, 'the exception would swallow the rule.'"  *United States v. Kassim*, No. 15 Cr. 554-3 (KPF), 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020) (citing *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)).

While the court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1).  *United States v. Ferriero*, No. 13-0592 (ES), 2020 WL 6701469, at *2 (D.N.J. Nov. 13, 2020) (citing *Melvin*, 978 F.3d at 53); *accord United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016).  This is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, pursuant to 18 U.S.C. § 3553(a), it would be expected that something has changed that would justify an early end to a term of supervised release.  *Melvin*, 978 F.3d at 53; *United States v. Jackson*, No. 11-55, 2022 WL 2789870, at *2 (W.D. Pa. July 15, 2022); *United States v. Santoro*, No. 21-76 (MAS), 2022 WL 37471, at *2 (D.N.J. Jan. 4, 2022); *Ferriero*, 2020 WL 6701469, at *2.  In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such a termination.  *Melvin*, 978 F.3d at 53; *United States v. McClamma*, 676 F. App'x 944, 947 (11th Cir. 2017) ("New or unforeseen circumstances can justify a modification, but such circumstances are not necessary."); *Parisi*, 821 F.3d at 347 (recognizing that "changed circumstances may in some instances justify a modification" of a term of supervision).  Nonetheless, "'generally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it."  *Melvin*, 978 F.3d at 53 (quoting *Davies*, 746 F. App'x at 89); *United States v. Baptiste*, No. 98-207, 2025 WL 871520, at *1 (E.D. La. Mar. 20, 2025) (noting that

6

early termination is generally warranted "only in cases where the defendant shows changed circumstances, such as exceptionally good behavior" (quoting *United States v. Jones*, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013))); *Smith*, 2014 WL 68796, at *1.

In this situation, the court finds that Collier's post-release conduct does not warrant early termination of his supervised release. Although he appears to have complied with his conditions of release to date, he identifies no new or exceptional circumstances or needs that would merit early release from supervision. Collier provides no information to the court regarding his place of residence, with whom he resides or for whom he provides, why he changed jobs a number of times within the first year of his supervision, or any community, religious, or recreational pursuits in which he participates. In view of Collier's involvement in transporting illegal aliens (including two minors) for monetary compensation on the banks of the Rio Grande River (over 400 miles away from his residence in Port Arthur, Texas), his burglarizing an occupied conveyance in a hospital parking lot, committing theft, and twice engaging in criminal mischief in Florida, the revocation of his prior term of probation, his history of substance abuse, and his receiving an other than honorable discharge from the United States Navy, the court is of the opinion that Collier should continue on supervised release at this time. Collier fails to explain how the conditions of his supervised release limit his employment opportunities, interfere with his family responsibilities, impede any medical treatment, or otherwise impact his daily life in a significant manner. Collier does not clarify how being on supervised release keeps him from taking advantage of any business or investment opportunities, furthering any financial goals, maintaining contact with or assisting his family, or engaging in recreational, religious, or volunteer activities. Under the circumstances, the court finds the current conditions of release are not onerous and

remain appropriate in view of Collier's offense of conviction, his criminal record, and his history of substance abuse.

Requiring Collier to complete his entire three-year term of supervised release safeguards against the reoccurrence of criminal activity, while imposing only a minimal burden on Collier. Generally, early termination of supervised release is not granted unless there are significant medical concerns that are not being addressed, substantial limitations on employment, or extraordinary post-release accomplishments that would warrant such a release. Collier does not identify any such circumstances in his motion and is instead seeking early termination of his supervision simply for complying with the conditions of release imposed by the judge at sentencing. Thus, although Collier appears to be on the right path, the court believes that the completion of his full term of supervised release appropriately reflects the seriousness of his offense of conviction, deters future criminal conduct, safeguards against the resumption of prior substance abuse, and provides needed structure for his continued rehabilitation. *See Lynn*, 2022 WL 2446328, at *4. "Supervised release is meant as a safety net to support reentry into the community." *Bondy*, 2026 WL 1282742, at *3. In this instance, there is no reason to terminate this safety net prematurely as to Collier. "Allowing U.S. Probation to continue to monitor and guide [Collier] is advantageous as it is able to offer resources, guidance and accountability to [Collier] to ensure he successfully continues his rehabilitation journey." *United States v. Clausell*, No. 1:20cr0091-LG-RPM-1, 2026 WL 1008154, at *2 (S.D. Miss. April 14, 2026).

As Probation points out:

Though Mr. Collier is to be commended for his apparent success thus far on supervision, it is believed that continuing the supervision term would be in the best interest of the community. Per local policy, the U.S. Probation Office does not typically support early termination until the individual has completed at least half

8

of the supervision term, or in cases where the person had prior terms of supervised release revoked.  In addition, he provides no extraordinary or compelling reason for early termination aside from general compliance.  It should be noted Mr. Collier does appear to meet criteria for placement on a low-risk administrative caseload (LRC), and will be considered soon.  In the event he is approved for LRC, he would still be accountable for the conditions of supervision but probation intervention and contact would be minimal.  As such, the U.S. Probation Office concurs with the U.S. Attorney's Office and respectfully suggests the motion for early termination should be denied at this time.  Mr. Collier will be encouraged to continue progressing towards his goals while on supervision.

The court concurs with the assessment of the situation by the Probation Office for the Eastern District of Texas and finds that the early termination of Collier's three-year term of supervised release would not serve the interest of justice.

III.    Conclusion

In accordance with the foregoing, Collier's pro se Motion for Early Termination of Supervised Release (#2) is DENIED.

SIGNED at Beaumont, Texas, this 15th day of June, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE